# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DENNIS WEEMS, an individual,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-09-443-JHP** |
| | ) | |
| **CORRECTIONS CORPORATION OF** | ) | |
| **AMERICA, a foreign corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER DENYING DEFENDANT'S
## MOTION FOR DISCLOSURE OF MILITARY PERSONNEL RECORDS

In this action pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1982 ("USERRA"), 38 U.S.C. § 4301 - § 4333, the Defendant Corrections Corporation of America seeks disclosure of the Plaintiff's full military personnel record (excluding any medical records) by the U.S. Army; the Plaintiff objects. The Court referred the dispute to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A), and a hearing was held on June 23, 2010.  As set forth below, the Defendant's Motion for Disclosure of Military Personnel Records [Docket No. 26] should be DENIED.

The purpose of the USERRA, *inter alia*, is "to minimize the disruption to the lives of persons performing service in the uniformed services . . . by providing for the prompt reemployment of such persons upon their completion of such service[.]"  38 U.S.C. § 4301(a)(2).  Accordingly, "any person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits" of the USERRA upon

certain conditions, 38 U.S.C. § 4312(a), including separation from the military honorably. *See* 38 U.S.C. § 4304. The Plaintiff demonstrated his entitlement to seek relief under the USERRA by producing his "Form DD-214" and various orders requiring his absence from employment, including orders activating him for duty in Operation Iraqi Freedom. The Defendant seeks the balance of the Plaintiff's military personnel file (except for any medical records) for possible impeachment at trial, *i. e.*, "to enable Defendant to prepare for the cross examination of Plaintiff to the extent that he offers testimony regarding his military career and service." *See* Docket No. 26, ¶ 9.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Evidence to impeach the plaintiff ordinarily would be discoverable, *see, e. g.,* Advisory Committee Notes to 2000 Amendments to Rule 26(b)(1) ("Similarly, information that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might be properly discoverable" depending on "the circumstances of the pending action."), but the issue is more complex here because of the *source* of the information, *i. e.*, the Plaintiff's military personnel file. Personnel files are in general entitled to heightened protection, *see Reagan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008) ("[P]ersonnel files often contain sensitive personal information . . . and it is not unreasonable to be cautious

about ordering their entire contents disclosed willy-nilly . . . This is not to say personnel files are categorically out-of-bounds. . . . [H]ad Ms. Tuohy issued a more narrowly targeted request focused only on documents (whether from the personnel file or elsewhere) that might indicate disciplinary action . . . we would face a very different question."); *see also Fullbright v. State Farm Mutual Automobile Insurance Co.*, 2010 WL 300436, *2 (W.D. Okla. 2010) ("Personnel files are regarded as private and contain material which employees regard as confidential, and a court must be cautious in ordering their disclosure."), and the *military* personnel file in this case is protected in particular by the federal Privacy Act. *See* 5 U.S.C. §552a(b)(11) ("No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be . . . pursuant to the order of a court of competent jurisdiction[.]"). *But see Weakhee v. Norton*, 621 F.2d 1080, 1082 (10th Cir. 1980) ("The question . . . is whether these documents were discoverable in the absence of a privilege. The test for determining whether material is discoverable is relevancy.").

The undersigned Magistrate Judge finds the Defendant has not shown good cause for the disclosure of the Plaintiff's military personnel file herein. *See* Fed. R. Civ. P. 26(b)(1) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."). While it is possible that the file *does* contain evidence that could be used to impeach the Plaintiff, the Defendant makes no attempt to

describe what is sought (*e. g.*, by citing suspicious deposition testimony the Defendant intends to challenge at trial) and is therefore simply fishing for helpful information. *See, e. g., McGee v. Hayes*, 43 Fed. Appx. 214, 217 (10th Cir. 2002) ("The district court was not required to permit plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim.") [unpublished opinion], *citing Munoz v. St. Mary-Corwin Hospital*, 221 F.3d 1160, 1169 (10th Cir. 2000). The Motion for Disclosure of Military Personnel Records Pertaining to Dennis Lee Weems, Jr. [Docket No. 26] filed by the Defendant is hereby DENIED.

**DATED** this 30th day of June, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**